IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GEORGE DOUGLAS SANDERS,

        Petitioner,

    v.

BRIAN BELLEQUE,

        Respondent.

Civil No. 06-1557-AC

FINDINGS AND RECOMMENDATION

    CORRINNE J. LAI
    520 SW Sixth Avenue
    Suite 825
    Portland, OR  97204

        Attorney for Petitioner

    HARDY MYERS
    Attorney General
    JONATHAN W. DIEHL
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, OR  97301

        Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION -

ACOSTA, Magistrate Judge.

Petitioner, an inmate at the Oregon State Penitentiary, brings this habeas corpus action pursuant to 28 U.S.C. § 2254.  For the reasons that follow, the First Amended Petition for Writ of Habeas Corpus should be DENIED and this action should be DISMISSED.

## BACKGROUND

On October 26, 1995, Petitioner and an accomplice robbed a convenience store in Marion County.  Petitioner was armed with a nine-millimeter handgun.  The store clerk was ordered to empty the safe and Petitioner, upset that the clerk was not acting quickly enough, shot out the security monitor behind the counter.  The ejected shell from Petitioner's handgun was later recovered from the store.

Petitioner and his accomplice left the Marion County store in a stolen car, attempted but failed to rob another store, and succeeded in robbing yet a third store in Linn County.  During the course of the Linn County robbery, Petitioner pistol-whipped the store clerk and lost the magazine to his handgun.  The clerk's boyfriend then chased Petitioner into the parking lot, grabbed him, and forced him to drop the gun.  Petitioner got away, stole another car, and drove to Sweet Home where authorities apprehended him.  When he was apprehended, Petitioner possessed proceeds from the two robberies.

The nine-millimeter shell ejected during the first robbery matched the gun dropped at the scene of the Linn County robbery.  Petitioner's fingerprints were found on the front door of the Marion County store, as well as on the nine-millimeter magazine dropped in the Linn County store.

Petitioner pleaded no contest in Marion County Circuit Court to charges of Robbery I with a Firearm (Count 1), Unlawful Use of a Weapon (Count 2), and Felon in Possession of a Firearm

2 - FINDINGS AND RECOMMENDATION -

(Count 3).  At the time of sentencing for the Marion County offenses, Petitioner had already been convicted in Linn and Douglas Counties and was facing 274 months of imprisonment for those convictions.  On September 13, 1996, the Marion County trial judge sentenced Petitioner to 144 months of imprisonment on Count 1; six months of imprisonment on Count 2, to be served concurrently to Count 1; and 60 months of imprisonment on Count 3, to be served consecutively to Count 1.

Petitioner directly appealed, raising a Measure 11 claim.  The Oregon Court of Appeals affirmed from the bench, and the Oregon Supreme Court denied review.  *State v. Sanders*, 151 Or. App. 464, 951 P.2d 204 (1997), *rev. denied*, 326 Or. 464, 952 P.2d 64 (1998).

Petitioner then file a *pro se* petition for state post-conviction relief ("PCR").  Counsel was appointed, and a formal amended petition filed.  The state filed a motion for summary judgment. Counsel opposed the motion on the basis that summary judgment was not appropriate under controlling state law.  Counsel did not present any evidence on the merits. The PCR trial judge granted the state's motion for summary judgment.  The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review.  *Sanders v. Morrow*, 172 Or. App. 763, 19 P.3d 391, *rev. denied*, 332 Or. 631, 34 P.3d 1178 (2001).

On August 6, 2002, Petitioner filed a Petition for Writ of Habeas Corpus in this Court, in *Sanders v. Bartlett*, CV 02-1063-BR.  On February 9, 2005, this court granted Petitioner's motion to voluntarily dismiss that action.

Petitioner returned to state court and filed a second PCR action.  The PCR trial court granted the state's motion for summary judgment, finding that the petition was untimely, successive, and that the case upon which Petitioner relied did not apply retroactively.  The Oregon

Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review.

*Sanders v. Belleque*, 205 Or. App. 111, 132 P.3d 1075, *rev. denied*, 341 Or. 80, 136 P.3d 1123

(2006).

On November 1, 2006, Petitioner filed this action. Counsel was appointed, and in the First

Amended Petition for Writ of Habeas Corpus, Petitioner alleges three grounds for relief[1]:

> **Ground One:**  [Petitioner] received ineffective assistance of trial counsel when counsel failed to explain to him the nature and consequences of his plea, and thus, his plea was not voluntarily [sic], knowing, and intelligent.
> **Supporting Facts:**  Counsel failed to conduct an adequate investigation so as to familiarize herself with the evidence confronting [Petitioner] and allowed him to plead without full knowledge of his case.  Counsel did not fully and adequately discuss with [Petitioner] sentencing options if he pled.  Counsel led [Petitioner] to believe that if he pled, it was highly unlikely the judge would be very hard on him because he was already serving 22 years and 10 months for the other crimes committed during the spree and because the co-defendant received nine (9) years. Trial counsel also failed to discuss the impact of a pre-sentence investigation (PSI) might have on petitioner's sentencing and failed to review the PSI with [Petitioner] to ferret out and explain sentencing possibilities.
>
> **Ground Two:**  [Petitioner] was denied due process when the PCR trial court granted defendant's motion for summary judgment over his PCR petition.
> **Supporting Facts:**  [Petitioner] petitioned the state court for post conviction relief. In lieu of an evidentiary hearing and over the objection of [Petitioner], the court granted defendant's motion for summary judgment.
>
> **Ground Three:**  [Petitioner] was denied due process and the assistance of counsel throughout his entire post conviction hearing.
> **Supporting Facts:**  [Petitioner] was assigned three (3) attorneys to represent him throughout the post conviction process.  Mr. Coran failed to confront the ineffectiveness of appellate counsel's omission of consecutive sentencing and failed to draft a pleading that would withstand a motion for summary judgment.  While attempting to defeat the motion for summary judgment, Coran informed the court he intended to amend the petition to attack the effectiveness of direct appellate counsel.  Summary judgment was granted precluding amended the PCR petition. Ms. Gutherie, PCR appellate counsel, was removed without [Petitioner] asking,

---

[1]The First Amended Petition contained an additional, fourth ground for relief, which counsel for Petitioner concedes was added in error.

4 - FINDINGS AND RECOMMENDATION -

without his knowledge, and without explanation. Gutherie farmed out her legal research and writing to an Oregon inmate and defrauded [Petitioner's] father of attorney fees while she was court appointed to represent [Petitioner]. Appellate brief submitted under Gutherie's signature post conviction relief did not prevail and was not withdrawn at her termination. Mr. Gorham, [Petitioner's] third attorney, appealed the granting of summary judgment relying on the memorandum submitted under Gutherie's authority, and sought state Supreme Court review which was denied.

Respondent argues Petitioner procedurally defaulted the claims alleged in Ground Two and Ground Three, and that the ineffective assistance of PCR counsel claim alleged in Ground Three fails to state a claim upon which relief may be granted. Respondent further argues the state court decisions denying relief on the claim alleged in Ground One are entitled to deference, and that Petitioner is not entitled to relief on the merits.

## DISCUSSION

### I.    Relief on the Merits

In his first ground for relief, Petitioner alleges he received constitutionally ineffective assistance of counsel because his trial attorney failed to explain the nature and consequences of his guilty plea. Respondent concedes that Petitioner exhausted this claim in state court, but argues the state PCR decision denying relief is entitled to deference.

####     A.    Legal Standards

This Court may grant a writ of habeas corpus only if the state court proceeding: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d). Section 2254(d)(1) applies to challenges to purely legal questions resolved by the state court, and section 2254(d)(2) applies to purely factual

questions resolved by the state court. *Lambert v. Blodgett*, 393 F.3d 943, 978 (9th Cir. 2004), *cert. denied,* 546 U.S. 963 (2005). Therefore, the question whether a state court erred in applying the law is a different question from whether it erred in determining the facts. *Rice v. Collins*, 546 U.S. 333 (2006).

Section 2254(d)(1) consists of two alternative tests, *i.e.*, the "contrary to" test and the "unreasonable application" test. *Cordova v. Baca*, 346 F.3d 924, 929 (9th Cir. 2003). Under the first test, the state court's "decision is contrary to clearly established federal law if it fails to apply the correct controlling authority, or if it applies the controlling authority to a case involving facts materially indistinguishable from those in a controlling case, but nonetheless reaches a different result." *Clark v. Murphy*, 331 F.3d 1062, 1067 (9th Cir.) (citing *Williams v. Taylor*, 529 U.S. 362, 413-414 (2000)), *cert. denied*, 540 U.S. 968 (2003).

Under the second test, "'[a] state court's decision involves an unreasonable application of federal law if the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case.'" *Van Lynn v. Farmon*, 347 F.3d 735, 738 (9th Cir. 2003) (quoting *Clark*, 331 F.3d at 1067), *cert. denied*, 541 U.S. 1037 (2004). Under the "'unreasonable application clause . . . a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly . . . [r]ather that application must be objectively unreasonable.'" *Clark*, 331 F.3d at 1068 (quoting *Lockyer v. Andrade*, 538 U.S. 63 (2003)). When evaluating whether the state decision amounts to an unreasonable application of federal law, "[f]ederal courts owe substantial deference to state court interpretations of federal law." *Cordova*, 346 F.3d at 929.

6 - FINDINGS AND RECOMMENDATION -

Under section 2254(d)(2), which involves purely factual questions resolved by the state court, "the question on review is whether an appellate panel, applying the normal standards of appellate review, could reasonably conclude that the finding is supported by the record." *Lambert*, 393 F.3d at 978; *see also Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir.) ("a federal court may not second-guess a state court's fact-finding process unless, after review of the state-court record, it determines that the state court was not merely wrong, but actually unreasonable"), *cert. denied,* 534 U.S. 1038 (2004).  Section 2254(d)(2) "applies most readily to situations where a petitioner challenges the state court's findings based entirely on the state record.  Such a challenge may be based on the claim that the finding is unsupported by sufficient evidence, . . . that the process employed by the state court is defective, . . . or that no finding was made by the state court at all." *Taylor*, 366 F.3d at 999 (citations omitted).

In examining the record under section 2254(d)(2), the federal court "must be particularly deferential to our state court colleagues . . . .  [M]ere doubt as to the adequacy of the state court's findings of fact is insufficient; 'we must be satisfied that any appellate court to whom the defect [in the state court's fact-finding process] is pointed out would be unreasonable in holding that the state court's fact-finding process was adequate.'" *Lambert*, 393 F.3d at 972 (quoting *Taylor*, 366 F.3d at 1000).  Once the federal court is satisfied that the state court's fact-finding process was reasonable, or where the petitioner does not challenge such findings, "the state court's findings are dressed in a presumption of correctness, which then helps steel them against any challenge based

on extrinsic evidence, *i.e.*, evidence presented for the first time in federal court."[2] *Taylor*, 366 F.2d at 1000.

In conducting a review under § 2254, this Court must look to the last reasoned state-court decision. *Van Lynn v. Farmon*, 347 F.3d 735, 738 (9th Cir. 2003) (citing *Franklin v. Johnson*, 290 F.3d 1223, 1233 n.3 (9th Cir. 2002)), *cert. denied*, 541 U.S. 1037 (2004). When the state court does not issue an opinion or otherwise supply the reasoning for a decision, federal habeas review is not *de novo*. *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000). Instead, this court considers whether the state decision was "objectively reasonable" after conducting an independent review of the record. *Id*.

### B.    Analysis

The Supreme Court has established a two-part test to determine whether a defendant has received ineffective assistance of counsel. Under this test, a petitioner must prove that counsel's performance fell below an objective standard of reasonableness, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-888 (1987).

Where a petitioner has pleaded guilty or no contest on the advice of counsel, the "voluntariness of the plea depends on whether counsel's advice was within the range of

---

[2] Under section 2254(e) "a determination of a factual issue made by a State court shall be presumed to be correct." The "AEDPA spells out what this presumption means: State-court fact-finding may be overturned based on new evidence presented for the first time in federal court only if such new evidence amounts to clear and convincing proof that the state-court finding is in error. . . . Significantly, the presumption of correctness and the clear-and-convincing standard of proof only come into play once" it is found that the state court reasonably determined the facts in light of the evidence presented in the state proceeding. *Taylor*, 366 F.3d at 1000.

competence demanded of attorneys in criminal cases." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). The prejudice prong, in turn, requires the petitioner to show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *Id*. at 59; *Lambert v. Blodgett*, 393 F.3d at 980.

The court looks to the factual circumstances surrounding a plea to determine whether the petitioner would reasonably have proceeded to trial. *See Miller v. Champion*, 262 F.3d 1066, 1068 & 1074-75 (10th Cir. 2001) (while a petitioner need not prove that he would have prevailed at trial in order to establish prejudice under *Hill*, the strength of the prosecution's case should be considered as circumstantial evidence of whether petitioner really would have gone to trial had he received adequate advice from counsel), *cert. denied*, 534 U.S. 1140 (2002). As such, "the strength of the prosecution's case is an indicator of whether the defendant would have accepted a guilty plea offer even if counsel's advice had not been constitutionally deficient." *Brown v. Hill*, 2007 WL 464712 *5 (D. Or., Feb. 7, 2007), *aff'd*, 267 Fed.Appx. 630 (9th Cir. 2008), *cert. denied*, 129 S.Ct. 97 (2008).

Here, Petitioner signed the Petition to enter a No Contest Plea, which clearly stated: (1) the maximum penalty of each crime; (2) that petitioner was pleading "no contest" to Robbery I, Unlawful Use of a Weapon, and Felon in Possession of a Firearm; (3) the possibility of a Measure 11 or departure sentence for those crimes; and (4) that Petitioner understood that he might receive sentences consecutive to each other and to any other terms to which he had already been sentenced. Trial counsel also signed the Petition and indicated that she had reviewed it with Petitioner and explained it and answered questions, and that no promises were made to Petitioner regarding the plea.

9 - FINDINGS AND RECOMMENDATION -

At the plea hearing the trial judge engaged Petitioner in an extensive colloquy concerning the nature and effect of Petitioner's no-contest plea.  The judge explained the rights waived by the plea and confirmed Petitioner understood those rights.  Petitioner admitted his trial counsel discussed the contents of the plea petition with him, and that no promises or threats were made to Petitioner regarding the plea.  With respect to the potential sentence, the following exchange took place with the judge, Petitioner, and counsel:

> THE COURT:  Okay.  At least one of the charges is a Ballot Measure 11 charge.
>
> THE PROSECUTOR:  Yes, your Honor; we talked with Judge Ertsgaard about what the defendant should be advised as far as the maximum sentence.  I have not made the decision as to whether or not I will do dangerous offender.  I have to call the A.G.'s office and talk about the interplay with Ballot Measure 11.
>
> But for his purposes he should understand that he faces a potential thirty years on the robbery if the court were to find him to be a dangerous offender with a hundred and 80 month Ballot Measure 11 minimum plus an additional 36 months of non-Ballot Measure 11 time.
>
> That's what I -- if I were the Court that's what I would suggest.  I would advise him the maximum -- absolute maximum possible sentence that he faces and that could be run consecutive, of course, to the time that he is now doing and I understand he's doing 230 Ballot Measure 11 sentences for the robberies in Douglas and Linn County.
>
> DEFENSE COUNSEL:  My client tells me it's 274, your Honor.
>
> PROSECUTOR:  Or 274, excuse me.
>
> THE COURT:  Mr. Sanders, once your plea is taken today . . . we're going to -- the Court is going to order a Presentence Investigation, and the parties will tell me what they want to address.
>
> [The Prosecutor] and -- his office and himself have not made the decision yet whether to seek dangerous offender sentence or treatment under this case.
>
> He advises me -- and since he and [your attorney] are more familiar with this case than I am -- that there is, under dangerous offender -- I understand there's a possibility of up to 30 years under Ballot Measure 11, 180 months plus 36 months

additional in terms of non-Ballot Measure 11, and that these sentences could be run consecutive to any sentence you're doing now.

I can't tell you what the sentence is going to be until we come to that time, but you understand that's a possibility?

PETITIONER: (Nods head.)

THE COURT: You have to answer out loud for me so we can get the record.

PETITIONER: Excuse me?

THE COURT: You have to answer out loud.

PETITIONER: Yes.

Respondent's Exhibit ("Resp. Exh.") 103, pp. 5-6.

In the state PCR proceeding, the state moved for summary judgment against Petitioner, arguing no genuine issue of material fact existed. In response to the State's motion, Petitioner submitted no evidence to rebut the exhibits submitted by the State in support of its motion. Instead, Petitioner relied on the statements made in his Petition for Post-Conviction Relief and an argument that summary judgment was inappropriate in a state PCR proceeding.

The PCR trial judge did not issue formal written findings of fact and conclusions of law. His ruling on the motion consisted of a letter to counsel:

This post conviction case was submitted to the Court January 4, 1999, on defendant's Motion for Summary Judgment.

The motion is supported by six exhibits, including a transcript of the change of plea and sentencing proceedings.

The petitioner has submitted no evidence.

The Court finds that there are no genuine issues of material fact in dispute, and summary judgment is allowed in favor of defendant and against petitioner.

Resp. Exh. 116.

11 - FINDINGS AND RECOMMENDATION -

Upon an independent review of the record, the state PCR judge's conclusion was neither contrary to nor an unreasonable application of clearly established federal law. Petitioner presented no evidence that but for an error by his trial counsel in her investigation and advice, Petitioner would not have pleaded guilty. *See Hill*, 474 U.S. at 58-59. Accordingly, Petitioner is not entitled to habeas corpus relief in this court.[3]

## II.     <u>Failure to State a Claim Upon Which Relief May Be Granted Under 28 U.S.C. § 2254</u>

In Ground Two, Petitioner alleges he was denied due process in his PCR proceeding when the PCR trial judge granted the State's motion for summary judgment without first holding an evidentiary hearing. In Ground Three, he alleges he was denied effective assistance of counsel and due process in his state PCR proceeding.

Pursuant to 28 U.S.C. § 2254(I), "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." *See also Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991) (there is no constitutional right to counsel in a state PCR proceeding). Accordingly, Petitioner's claim against PCR counsel does not entitle him to habeas corpus relief.

To the extent Petitioner contends the state PCR trial judge violated Petitioner's due process rights by granting summary judgment without an evidentiary hearing, such a claim is not cognizable here. The Oregon appellate courts rejected Petitioner's claim that Oregon law did not require him to provide evidence in response to the motion for summary judgment. The issue of

---

[3]Petitioner's request for an evidentiary hearing to develop new facts in this court is likewise without merit. Petitioner failed to present any evidence in opposition to the motion for summary judgment in the PCR court. As such, he failed to develop the factual basis of his claim in state court, and an evidentiary hearing is precluded. *See* 28 U.S.C. § 2254(e)(2); *Williams v. Taylor*, 529 U.S. at 436.

interpreting Oregon statutes is a matter of state law, which is not this court may not review. *See Peltier v. Wright*, 15 F.3d 860, 862 (9th Cir. 1994) (state courts are the ultimate expositors of state law and the federal courts are bound by the state court's construction except when it appears that is interpretation is an obvious subterfuge to evade the consideration of a federal issue).

Moreover, in a habeas corpus action pursuant to 28 U.S.C. § 2254, this court may only consider an application "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Accordingly, Petitioner's due process challenges to the state PCR proceeding fail to state a cognizable claim for relief in habeas corpus.[4]

## RECOMMENDATION

For these reasons, the First Amended Petition for Writ of Habeas Corpus should be DENIED, and a judgment of DISMISSAL should be entered herein.

## SCHEDULING ORDER

The above Findings and Recommendation are referred to a United States District Judge for review. Objections, if any, are due January 12, 2009. If no objections are filed, review of the Findings and Recommendation will go under advisement that date.

---

[4]Because Petitioner fails to state a cognizable claim in Ground Two and Ground Three, the Court need not consider Respondent's argument that these claims were procedurally defaulted.

13 - FINDINGS AND RECOMMENDATION -

A party may respond to another party's objections within 10 days after service of a copy of the objections.  If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or on the latest date for filing a response.

DATED this  30th  day of December, 2008.

/s/ John V. Acosta
_____
          John V. Acosta
          United States Magistrate Judge